COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STACEY D. GAILEY, | § | No. 08-08-00255-CV |
| Appellant, | § | Appeal from |
| v. | § | 34th District Court |
| MERMAID POOLS OF EL PASO, LLC, and ROBERT PURDUE & CO., INC. D/B/A MERMAID POOLS, | § | of El Paso County, Texas |
| Appellees. | § | (TC # 2007-008) |

**O P I N I O N**

Stacey D. Gailey appeals from a summary judgment granted in favor of Mermaid Pools of El Paso, LLC and Robert Pursue & Company, Inc. d/b/a Mermaid Pools (Mermaid Pools). For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Gailey hired Mermaid Pools to build a swimming pool in her backyard. The construction began on July 30, 2005 and was completed around August 30. Mermaid installed a skimmer in the deck surrounding the pool to filter the water and skim leaves from the surface. During construction, the skimmer is left uncovered and it is covered by a lid only when construction is complete. On August 25, Mermaid's employees left for the day at approximately 5:30 p.m. and told Gailey she could go into the backyard to view the pool twenty-four hours later. The following evening at around 10 p.m., Gailey went into the backyard with her family and was injured when she stepped into the uncovered skimmer. Gailey filed suit against Mermaid, alleging negligence related to a premises condition. Mermaid filed a motion for summary judgment asserting there was no evidence

it owed Gailey a duty to warn her of the open and obvious condition on her property and no evidence that it had breached any duty. The trial court granted the motion and entered a take nothing judgment in favor of Mermaid Pools.

## DUTY

In Issue One, Gailey complains that Mermaid owed her a duty to make the dangerous condition safe or to warn her of the dangerous condition it had created. Mermaid counters that it owed Gailey no duty because she was the owner of the premises. Because the duty issue is dispositive of the appeal, it is unnecessary to address Gailey's other arguments.

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Accordingly, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* at 751. A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id*. Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX.R.CIV.P. 166a(I); *Id.*

Duty is the threshold inquiry in a negligence case, including one of premises liability. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Almanza v. Navar*, 225 S.W.3d 14, 20 (Tex.App.--El Paso 2005, no pet.). In a premises liability case, the duty owed to the plaintiff

depends on the plaintiff's status on the premises as an invitee, licensee, or trespasser at the time of the incident. *Almanza*, 225 S.W.3d at 21. Duty requires a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant. *General Electric Co. v. Moritz*, 257 S.W.3d 211, 218 (Tex. 2008). The existence of a duty is a question of law for the court to decide based on the facts of the case. *Moritz*, 257 S.W.3d at 217; *Almanza*, 225 S.W.3d at 21.

As a general rule, a landowner or one who is otherwise in control of the premises must use reasonable care to make the premises safe for licensees and invitees. *Clayton W. Williams, Jr., Inc., v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Lefmark Management Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997); *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex.1985). This duty includes warning invitees and licensees of known hidden dangers that present an unreasonable risk of harm. *Lefmark*, 946 S.W.2d at 53. An owner or occupier of land in control of the premises may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect. *Clayton W. Williams, Jr., Inc.*, 952 S.W.2d at 527; *Redinger*, 689 S.W.2d at 417. In this case, Gailey contends she was injured by the skimmer left uncovered during construction, not as a contemporaneous result of Mermaid's negligence. *Clayton W. Williams, Jr., Inc.*, 952 S.W.2d at 527. Consequently, this is a premises defect case, not a negligent activity case. *Id., citing Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)(holding contemporaneous result of the activity itself). When such a duty is owed, the premises owner or occupier must either adequately warn of the dangerous condition or make the condition reasonably safe. *Clayton W. Williams, Jr., Inc.*, 952 S.W.2d at 527.

Gailey, as the owner of the premises, is not an invitee, licensee, or trespasser. She was in control of the premises at the time of the injury. Yet she seeks to impose a duty on the independent

contractor hired to construct her pool and deck to warn her about an alleged premises defect created during the ongoing construction. Gailey has not directed us to any authority in where such a duty has been imposed on an independent contractor and we are aware of none. We conclude that Mermaid did not owe a duty to warn Gailey about the uncovered skimmer or to cover it prior to completion of construction. The trial court properly granted summary judgment in favor of Mermaid on this ground. We overrule the sole issue for review and affirm the summary judgment.

June 23, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment