# NO. 12-12-00145-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KYLE STAWARCZIK,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | | |
| *KENNETH M. WEAVER, NAC BCH* *SOCIAL CLUB, INC., d/b/a BANITA* *CREEK HALL, BAMBOOZLED, INC.,* *d/b/a BANITA CREEK HALL,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kyle Stawarczik appeals from take nothing summary judgments in favor of Kenneth M. Weaver, NAC BCH Social Club, Inc., d/b/a Banita Creek Hall, and Bamboozled, Inc., d/b/a Banita Creek Hall, alleging that the trial court improperly granted the motions.[1] Because Banita Creek Hall's no evidence motion for summary judgment did not address Stawarczik's Dram Shop Act cause of action, we reverse the trial court's order granting its motion for summary judgment on that cause of action.[2] In all other respects, the summary judgments granted to Weaver and Banita Creek Hall are affirmed.

---

[1] Both NAC BCH Social Club, Inc. and Bamboozled, Inc. were doing business as Banita Creek Hall. Banita Creek Hall was a club selling alcoholic beverages pursuant to authority from the Texas Alcoholic Beverage Commission located at 401 West Main Street, Nacogdoches, Texas. In this opinion, we will refer to these two corporations as Banita Creek Hall.

[2] The trial court first issued an order granting Weaver's motion for summary judgment. A few days later, the trial court issued another order granting Banita Creek Hall's motion for summary judgment. In the second order, the trial court also ordered that Stawarczik take nothing and that costs of suit were assessed against him. It is clear that the trial court and the parties believed that the orders disposed of all issues and all parties. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Therefore, based on the facts in this proceeding, the judgment is final for purposes of appeal, and we will address the merits of the issues raised in this appeal.

BACKGROUND

Kenneth M. Weaver was the sole owner of two corporations that operated Banita Creek Hall. Following the opening night of a rodeo in Nacogdoches, Banita Creek Hall hosted a popular local band. An estimated five hundred people attended the concert. Banita Creek Hall's bar was also open. Stephanie Manning, a Stephen F. Austin State University (SFASU) student, served as one of Banita Creek Hall's bartenders that evening. During the course of the evening, Manning was slapped on her rear end by Mickey Gee, a professional rodeo steer wrestler. Manning asked Stawarczik, also a student at SFASU, to confront Gee about this unwanted attention. When Stawarczik verbally confronted Gee, another professional steer wrestler, Tyler Pearson, pushed Stawarczik away from Gee. Gerald Smith, a Nacogdoches County constable who had been hired by Weaver to police the event, immediately separated the two steer wrestlers and Stawarczik. No one was hurt in this brief confrontation.

Weaver, who was next to the stage where the concert was being performed, noticed the commotion in the bar area and immediately went to see Constable Smith to find out what had occurred. Constable Smith informed Weaver that two men had "bowed up against each other," but he had separated them, and no further action had been needed.

Banita Creek Hall closed at midnight. Gee, Pearson, and Stockton Graves, another professional steer wrestler, rode in Weaver's vehicle with him to Weaver's home.[3] Stawarczik left Banita Creek Hall with Manning and another mutual friend from SFASU, Rachael Rice. As they were driving to the Pike House, a fraternity house at the university, Weaver called Manning inviting her to his home to enjoy some of the shrimp that he was cooking. Manning responded that she had Rice and Stawarczik in the vehicle with her and asked if they could accompany her to his home. Weaver told her that would be fine since he had plenty of food.

When the three university students arrived at Weaver's home, Stawarczik quickly noticed the three steer wrestlers. He immediately approached Gee and told him that he was not there to cause any trouble and wanted to keep the peace in Weaver's home. Stawarczik stated in his summary judgment evidence that he also made Weaver aware of the incident at the club and told him that he and Gee agreed they did not want to cause any trouble for Weaver in his home.

---

[3] The summary judgment evidence shows that Gee actually drove Weaver's vehicle and Weaver was a passenger.

2

Stawarczik and Weaver then went to the backyard to play a game of washers. As they played, the steer wrestlers were sitting on the back porch, and Stawarczik became uncomfortable because of the looks they gave him during the game. At the end of the game, Stawarczik informed Weaver that he felt uncomfortable with the three steer wrestlers and wished to leave. Stawarczik also informed Manning and Rice that he wanted to leave. While Manning and Rice prepared to leave and then said their goodbyes to Weaver in his living room, Stawarczik attempted to make his way to Manning's vehicle by going through Weaver's garage. In the garage, he was physically attacked by Gee, Pearson, and Graves. He suffered severe head and facial injuries as a result of this assault.

Stawarczik filed this suit against Weaver, Banita Creek Hall, Gee, Pearson, and Graves. Following the severance of Gee, Pearson, and Graves from the suit, the trial court granted Weaver's no evidence and traditional motions for summary judgment and Banita Creek Hall's no evidence motion for summary judgment. Stawarczik appealed, challenging the trial court's grant of Weaver's and Banita Creek Hall's motions for summary judgment.

## STANDARD OF REVIEW

The standard for reviewing a traditional summary judgment is well established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex. App.–Dallas 2005, no pet.). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548. When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks

3

supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id.*

In both traditional and no evidence summary judgment motions, we review the entire record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Moreover, when a party moves for both a traditional and a no evidence summary judgment, generally, we first review the trial court's summary judgment under the no evidence standards of Rule 166a(i). *Ridgway*, 135 S.W.3d at 600. If the no evidence summary judgment was properly granted, we do not reach arguments made under the traditional motion for summary judgment. *See id.* at 602. It logically follows, however, that this rule cannot be applied unless the same issue was raised in both motions. *See Dunn v. Clairmont Tyler, LP*, 271 S.W.3d 867, 870 (Tex. App.–Tyler 2008, no pet.).

4

Stawarczik alleged premises liability, negligence, and civil conspiracy causes of action against Weaver and Banita Creek Hall. He also alleged a fourth cause of action against Banita Creek Hall under the Dram Shop Act.

### 1. Premises Liability

Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In a premises liability case, the duty owed to the plaintiff depends on his status as an invitee, licensee, or trespasser. *Osadchy v. S. Methodist Univ.*, 232 S.W.3d 844, 849 (Tex. App.—Dallas 2007, pet. denied). Whether a plaintiff is an invitee or a licensee depends on his purpose in coming onto the property. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 672 (Tex. 1999) (O'Neill J., dissenting).

An invitee is a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or the occupant or for their mutual advantage. *Tex. Power & Light Co. v. Holder*, 385 S.W.2d 873, 885 (Tex. Civ. App.—Tyler 1964), *writ ref'd n.r.e. per curiam*, 393 S.W.2d 821 (Tex. 1965). In the absence of some relation that inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee. *Burton Constr. & Ship Bldg., Co. v. Broussard*, 273 S.W.2d 598, 602 (Tex. 1954).

A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent. *Knorpp v. Hale*, 981 S.W.2d 469, 471 (Tex. App.—Texarkana 1998, no pet.). Thus, a licensee is one who enters with permission of the landowner but does so for his own convenience or on business for someone other than the owner. *Id*. A social guest is classified as a licensee. *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 164 (Tex. App.—Dallas 2011, no pet.). A trespasser enters another property without lawful authority, permission, or invitation. *Am. Indus. Life Ins. Co. v. Ruvalcba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

Premises owners owe invitees a duty to adequately warn of any dangerous condition on the premises or to make the condition reasonably safe. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009). This duty requires the landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm that it knew or reasonably should have known. *See City*

*of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008). The existence of this duty is a question of law for the court. *Perry*, 278 S.W.3d at 765.

To prevail on a premises liability claim against the landowner, an invitee must prove (1) that he had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the landowner did not exercise reasonable care to reduce or eliminate the risk; and (4) that the landowner's failure to use reasonable care proximately caused the plaintiff's injuries. *Motel Six G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996).

The duty owed to a licensee is not to injure the licensee by willful, wanton, or grossly negligent conduct and, in cases in which the licensor has actual knowledge of a dangerous condition unknown to the licensee, to use ordinary care to either warn the licensee of the condition or to make the condition reasonably safe. *Wyckoff*, 357 S.W.3d at 164. In order to establish liability, a licensee must prove (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the licensor actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the licensor failed to exercise ordinary care to protect the licensee from danger; and (5) the licensor's failure was a proximate cause of the injury to the licensee. *Id*.

If the licensee has the same knowledge about the dangerous condition as the licensor, then no duty to the licensee exists. *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). A licensee is not entitled to expect that the possessor of land will warn him of conditions that are perceptible to him, or the existence of which can be inferred from facts within his present or past knowledge. *Id*.; *see also Osadchy*, 232 S.W.3d at 852 ("[A] licensor owes no duty to a licensee so long as the evidence conclusively establishes the licensee perceived the alleged dangerous condition.").

### 2. Negligence

A negligence cause of action requires proof that (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injury. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Negligence is commonly a question of fact unless the evidence establishes a complete absence of negligence as a matter of law. *Perry*, 278 S.W.3d at 765.

6

Proximate cause includes the elements of cause in fact and foreseeability. ***Sw. Key Program, Inc. v. Gil–Perez***, 81 S.W.3d 269, 274 (Tex. 2002). These elements cannot be established by mere conjecture, guess, or speculation. ***Doe v. Boys Clubs of Greater Dallas, Inc.***, 907 S.W.2d 472, 477 (Tex. 1995). An act or omission is a cause in fact of an injury if it is a substantial factor in bringing about the injury, without which the harm would not have occurred. ***Travis v. City of Mesquite***, 830 S.W.2d 94, 98 (Tex. 1992). But cause in fact is not shown if the defendant's conduct did no more than furnish a condition that made the injury possible. ***Doe***, 907 S.W.2d at 477. "In other words, even if the injury would not have happened but for the defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause." ***Id.*** (citing ***Union Pump Co. v. Allbritton***, 898 S.W.2d 773, 776 (Tex. 1995); ***Lear Siegler, Inc. v. Perez***, 819 S.W.2d 470, 472 (Tex. 1991)).

Foreseeability exists when "the actor as a person of ordinary intelligence should have anticipated the dangers his negligent act creates for others." ***Love***, 92 S.W.3d at 454. "The danger of injury is foreseeable if its general character . . . might reasonably have been anticipated." ***Doe***, 907 S.W.2d at 478. The inquiry is one of "common experience applied to human conduct, [and] asks whether the injury might reasonably have been contemplated as a result of the defendant's conduct." ***Id.***

### 3. Civil Conspiracy

The elements of actionable civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. ***TRI v. J.T.T.***, 162 S.W.3d 552, 556 (Tex. 2005). Civil conspiracy requires specific intent. ***Triplex Commc'ns, Inc. v. Riley***, 900 S.W.2d 716, 719 (Tex. 1995). For a civil conspiracy to arise, the parties must be aware of the harm or the wrongful conduct at the beginning of the combination or agreement. ***Firestone Steel Prods. Co. v. Barajas***, 927 S.W.2d 608, 614 (Tex. 1996). One cannot agree, expressly or tacitly, to commit a wrong about which he has no knowledge. ***Id***.

### 4. Dram Shop Act

The Dram Shop Act imposes liability on alcoholic beverage providers for damages proximately caused by the intoxication of individuals who were served despite being obviously intoxicated. TEX. ALCO. BEV. CODE ANN. § 2.02(b) (Vernon 1995); ***20801, Inc. v. Parker***, 249 S.W.3d 392, 395 (Tex. 2008). For the provider to be held liable under the Dram Shop Act, the

intoxication of the recipient of the alcohol must be the proximate cause of the damages suffered. TEX. ALCO. BEV. CODE ANN. § 2.02(b)(2); *Biaggi v. Patrizio Rest., Inc.*, 149 S.W.3d 300, 304 (Tex. App.—Dallas 2004, pet denied).


## WEAVER SUMMARY JUDGMENT

Stawarczik contends in his sole issue that the no evidence summary judgment was improperly granted to Weaver because he was Weaver's invitee. He contends that he was an invitee at Weaver's home because he had been an invitee at Banita Creek Hall. We disagree.

### 1.   Premises Liability and Negligence

While Stawarczik was at Banita Creek Hall, he was an invitee. That relationship ended at midnight when he paid his bar tab and left the club. A new relationship between Stawarczik and Weaver was created when Weaver told Manning that Stawarczik could come along with her to his home. When Stawarczik was at Banita Creek Hall, he and Weaver both benefitted from his presence. When Stawarczik went to Weaver's home, he became a social guest because there was no mutual benefit from his presence there. As a social guest, Stawarczik was only a licensee. *See Wyckoff*, 357 S.W.3d at 164.

Because Stawarczik was  a licensee, the evidence that Stawarczik had more knowledge than Weaver concerning the incident with Gee at Banita Creek Hall is critical. There is no evidence in the record before us that Weaver knew Stawarczik and Gee were involved in the incident that Constable Smith had reported to him at the club. Weaver testified that he did not learn that Stawarczik and the steer wrestlers were the ones involved in the altercation at Banita Creek Hall until they were all at his home. Stawarczik speculates, however, that Weaver must have known the details of the incident because Weaver was in close proximity to the confrontation, and that he and the steer wrestlers were friends and rode together to Weaver's residence from Banita Creek Hall. Stawarczik infers from these facts that Weaver and the steer wrestlers must have discussed the altercation and that he knew Stawarczik was the person involved in the altercation with his friends.

Evidence cannot be taken out of context so that it seems to support a fact when it actually does not. *City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005). For instance, if a witness testifies, "I did not do that," the factfinder can disregard the whole statement but cannot disregard the middle word alone. *See id.* Findings must be based on more than speculation to be

8

sufficient.  *See id.* at 827.  As applied in the summary judgment context, it is true that the reviewing court must review the evidence and all reasonable inferences in the light most favorable to the nonmovant, but speculative summary judgment evidence does not raise a fact issue.  *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003) (stating that summary judgment evidence is insufficient if it is based on conjecture or speculation because "some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence").  Finally, under the equal inference rule, evidence of circumstances equally consistent with two facts is insufficient evidence of either.  *See Wilson*, 168 S.W.3d at 813.

Moreover, Stawarczik conceded that Weaver did not appear to know about the incident until he told him about it at his home.  It is clear from the record that Stawarczik knew more about the incident and his relationship with Gee and the other two steer wrestlers than Weaver did.  When the licensee has the same knowledge or even more knowledge about the dangerous condition than the licensor, no duty to the licensee exists.  *See Miller*, 102 S.W.3d at 709.  As a result, Weaver had no legal duty to Stawarczik as a licensee for the assault by the three steer wrestlers that occurred at his home.

### 2.  Civil Conspiracy

Stawarczik contends that Weaver conspired with Gee, Pearson, and Graves to lure him to his home where he could be assaulted.  But there is no evidence in the record to support such a contention.  There is nothing in the record to suggest that when Weaver called Manning to invite her to his home, he knew Stawarczik was with Manning.  There is no summary judgment evidence to show that Weaver had any knowledge of the incident involving Gee and Stawarczik at the club.  As we have stated, Stawarczik conceded that Weaver appeared to know nothing about the incident until he told him about it at his home.  One cannot agree to commit a wrong about which he has no knowledge.  *See Barajas*, 927 S.W.3d at 614.  We hold that there was no evidence of a conspiracy between Weaver and the three steer wrestlers to assault Stawarczik.

### 3.  Conclusion

We have held that all of Stawarczik's claims against Weaver must fail.  Accordingly, we conclude that the trial court properly granted summary judgment as to these claims.

Stawarczik also contends in his sole issue that the trial court erred in granting Banita Creek Hall's motion for summary judgment.

### 1. Premises Liability, Negligence, and Conspiracy

To prevail on each of these three causes of action, Stawarczik was required to show that he had suffered an injury at Banita Creek Hall. He specifically stated that he had not been hurt at Banita Creek Hall, and that he was not injured until later when he was a social guest at Weaver's residence. Without having shown the required injury for each of these three causes of action, Stawarczik's suit fails against Banita Creek Hall.

As to his negligence claim, Stawarczik nevertheless contends that Banita Creek Hall personnel had a duty to inform Weaver of the altercation, that the individuals fighting should have been removed from Banita Creek Hall, the duty was breached, and that the breach was the proximate cause of the injuries he later suffered at Weaver's home. Assuming that Banita Creek Hall had such a duty, an issue we do not address, there is no evidence that any breach of such a duty proximately caused his injuries. As we have noted, Constable Smith informed Weaver that two men had "bowed up against each other," that he had separated them, and that no further action was needed. The concert at Banita Creek Hall continued for the rest of the evening without incident. Stawarczik later went to Weaver's house as a social guest. After Weaver arrived at his home, he learned of the confrontation at Banita Creek Hall, but Stawarczik assured him that he and the steer wrestlers "came to an understanding" not to engage in further hostilities at Weaver's residence. While playing a game of washers, Stawarczik became uncomfortable with the steer wrestlers' stares and decided to leave. Not long thereafter, Stawarczik was assaulted.

It is true that Stawarczik most likely would have never been injured if the altercation at Banita Creek Hall had not occurred. However, several factors intervened to break the chain of causation as to Stawarczik's injuries stemming from his contact with the steer wrestlers at Banita Creek Hall, namely, (1) a significant amount of time passed between the altercation and his injury; (2) no other incident occurred at Banita Creek Hall for the remainder of the evening after Stawarczik's brief exchange with the steer wrestlers at the bar; (3) Stawarczik voluntarily chose to travel to Weaver's home as a social guest; (4) Stawarczik saw the steer wrestlers at the gathering but elected to remain at the party; (5) he discussed the matter with Gee and they agreed

10

that they would not engage in further hostilities at the residence; and (6) Stawarczik made Weaver aware of this agreement at his home.

As to the cause in fact analysis, the evidence shows that Banita Creek Hall, at most, furnished the initial condition giving rise to the ultimate assault that occurred hours later at a different location. In other words, the connection between Banita Creek Hall's conduct and Stawarczik's injuries is simply too attenuated to constitute legal cause. *See Doe*, 907 S.W.2d at 477. Moreover, given the evidence produced in this case, neither Banita Creek Hall, through Weaver in his capacity as its owner, nor its employees, could reasonably have foreseen what happened much later at Weaver's home.

## 2. **Dram Shop Act**

In its no evidence motion for summary judgment, Banita Creek Hall failed to allege that there was no evidence to support Stawarczik's Dram Shop Act claim. To prevail on a no evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's cause of action. TEX. R. CIV. P. 166a(i); *Holloway v. Tex. Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 213 (Tex. App.—Tyler 2009, no pet.); *Mott v. Red's, Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 95 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Thus, the trial court erred in rendering judgment against Stawarczik on his Dram Shop Act cause of action.

The portion of Stawarczik's sole issue pertaining to his Dram Shop Act claim against Banita Creek Hall is sustained, but the remaining portion of his sole issue pertaining to Banita Creek Hall is overruled.

### CONCLUSION

We have sustained Stawarczik's sole issue only as it relates to his Dram Shop Act claim against Banita Creek Hall. We *reverse* the part of the trial court's order granting summary judgment against Stawarczik on his Dram Shop Act claim, and *remand* that claim for further proceedings. As to all other causes of action against Weaver, in his individual capacity, NAC BCH Social Club, Inc., d/b/a Banita Creek Hall, and Bamboozled, Inc., d/b/a Banita Creek Hall, the judgment of the trial court is *affirmed*.

11

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 12, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)