02-12-336-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00336-CV

 

 


 
 
 Linda
 Lough
  
  
 v.
  
  
 James
 Pack and Betty Pack
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 48th District Court
  
 of
 Tarrant County (048-254814-11)
  
 March
 21, 2013
  
 Opinion
 by Justice Gabriel
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellant Linda Lough shall pay all costs of this
appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00336-CV


 
 
 Linda Lough
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 James
 Pack and Betty Pack
 
 
  
 
 
 APPELLEES
 
 


----------

FROM THE 48th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

          Appellant
Linda Lough appeals the trial court’s order granting summary judgment for appellees
James Pack and Betty Pack.  We affirm.

Background
Facts

          Linda
Lough and James and Betty Pack were friends.  On February 9, 2011,
James Pack picked Lough up from her house and took her to the Packs’ house for
a visit.  There had been an ice storm the day before, and there was ice on the
ground.  When Lough left the Packs’ house, she left through a side door onto
the porch.  She slipped on ice that had accumulated from the storm and broke
her ankle.

          Lough
sued the Packs for gross negligence.  The Packs filed a traditional motion for
summary judgment, arguing that under Scott & White Memorial Hospital v.
Fair, 310 S.W.3d 411 (Tex. 2010), naturally accumulating ice is not, as a
matter of law, an unreasonably dangerous condition; therefore, it cannot be the
basis of a premises liability suit.  Lough also filed a motion for summary
judgment on her claim.  The trial court granted the Packs’ motion, denied
Lough’s, and dismissed Lough’s claims.  This appeal followed.

Standard
of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).

When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both parties’ summary
judgment evidence and determine all questions presented.  Mann Frankfort,
289 S.W.3d at 848; see Myrad Props., Inc. v. Lasalle Bank Nat’l Ass’n,
300 S.W.3d 746, 753 (Tex. 2009).  The reviewing court should render the
judgment that the trial court should have rendered.  Mann Frankfort, 289
S.W.3d at 848.

Premises
Liability

Premises
liability is a form of negligence in which the duty owed to a plaintiff depends
on the plaintiff’s status.  Scott & White, 310 S.W.3d at 412.  A
plaintiff can be an invitee, a licensee, or a trespasser.  Wyckoff v. George
C. Fuller Contracting Co., 357 S.W.3d 157, 164 (Tex. App.—Dallas 2011, no
pet.).  The Packs argue that Lough was a licensee; Lough argues that she was an
invitee.  Under both standards, Lough is required to show that she was injured
by “a condition on the land that creates an unreasonable risk of harm.”  See
Scott & White, 310 S.W.3d at 412; State Dep’t of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992).  Because we can resolve
Lough’s issues on this ground, we need not determine whether she was an invitee
or a licensee.

Discussion

In Lough’s
first three issues, she argues that the trial court erred by granting summary
judgment for the Packs based on the ruling in Scott & White that
naturally occurring ice is not an unreasonably dangerous condition.   In her
fifth issue, Lough argues that the trial court erred by not granting her motion
for summary judgment.

In Scott
& White, the plaintiff slipped and fell on ice from a winter storm on
the road that separated the hospital and the parking lot.  310 S.W.3d at 412.  The
court held that naturally occurring ice does not present an unreasonable risk
of harm unless there is “assistance or involvement of unnatural contact.”  Id.
at 414.  Ice that “accumulate[d] as a result of an act of nature” is beyond the
premises owner’s control.  Id. at 415 (quoting Coletta v. Univ. of
Akron, 49 Ohio App. 3d 35, 36 (1988)).  Ice that accumulated by “causes and
factors other than the inclement weather conditions” is an unnatural
accumulation that may form the basis of a premises liability claim.  Id.
(quoting Porter v. Miller, 468 N.E.2d 134, 136 (Ohio Ct. App. 1983)).  For
example, frozen liquid that leaked from a vending machine made unnatural ice that
could support a premises liability action.  See Furr’s, Inc. v. Logan,
893 S.W.2d 187, 189, 191–92 (Tex. App.—El Paso 1995, no writ.).  In Scott &
White, the defendant established that the ice was in its natural state and
the plaintiff was barred from recovery.  310 S.W.3d at 415.

In
the present case, James Pack testified that the ice that Lough slipped on was
caused by “[t]he weather” and that he did not have leaky pipes or had not
thrown water outside to freeze.  Lough does not dispute James Pack’s testimony
and points to nothing in the record showing that the ice came from an unnatural
source.  The ice, therefore, was a natural accumulation, and it cannot support
Lough’s cause of action.

Lough’s
attempts to distinguish Scott & White are unpersuasive.  There is
nothing in the analysis in Scott & White that limits its application
to commercial property, and we see no reason to conclude that natural ice
transforms into an unreasonably dangerous condition simply because it
accumulated on private property instead of a commercial parking lot.  Neither
does the Packs’ actual knowledge of the ice, a separate element of her claim,
somehow alleviate Lough’s burden to prove that she was harmed by an
unreasonably dangerous condition.  See id. at 415–16 (rejecting the
plaintiff’s contention that a premises owner should be liable when he has
notice that a natural accumulation of ice has “created a condition
substantially more dangerous than a business invitee should have
anticipated”).  Because an essential element of Lough’s claim has been negated,
she is precluded from recovery.  We overrule her first, second, third, and
fifth issues.

In
her fourth issue, Lough complains that she is entitled to pursue her claim because
she is a third-party beneficiary of the Packs’ homeowner’s policy.  She also
raises the constitutionality of the lower court’s holdings.  There are no
pleadings to support Lough’s contention that she is a third-party beneficiary,
and she did not raise these issues in the trial court.  Lough has thus waived these
arguments.  See Banda v. Garcia, 955 S.W.2d 270, 272 (Tex.
1997).  We overrule Lough’s fourth issue.

Conclusion

          Having
overruled Lough’s five issues on appeal, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and GABRIEL, JJ.

 

DELIVERED:  March 21, 2013








 









[1]See Tex. R. App. P. 47.4.