William Baldwin brought a negligence action against Richard Gartman based on injuries sustained by Baldwin while on Gartman's property. The trial court entered a summary judgment for Gartman. The only issue argued by Baldwin is whether the facts are such as to permit the case to be submitted to a jury on a claim of ordinary negligence rather than on a claim of liability under the standard of care owed by a premises owner. The principal discussion herein is therefore addressed to that issue.
Gartman and Baldwin were neighbors and frequently assisted one another with various projects. On this particular occasion Gartman asked Baldwin to help him and his 11-year-old son Steven remove some old slabs from a driveway and place them so as to form a path by Gartman's swimming pool.
To move the slabs, they first pried one end up from the ground with a crowbar and placed a hand dolly under that end. Both men then lifted the other end to the top of the dolly, setting the slab upright and leaning it against the back of the dolly. They then both pulled the dolly to the appropriate place. While they were working on the third slab in this manner, an accident caused Baldwin's leg and ankle to be seriously injured.
When they had pulled the third slab to the appropriate place, Baldwin began measuring the area where the slab was to be put. The slab remained standing upright on the dolly, with Gartman monitoring it. Gartman's daughter called to her father and told him that he had an emergency telephone call. After initially saying he would not take the call, Gartman left the dolly and went inside his house. Baldwin admits that he knew Gartman had left to answer the telephone.
About 10 seconds after Gartman left, the slab started falling and, despite Steven's yelling a warning, the slab hit Baldwin on the leg and ankle. Steven had bumped the slab and caused it to fall. Baldwin claims that Gartman negligently left the slab unattended. After argument, the trial court granted Gartman's motion for summary judgment.
Baldwin argues that Gartman's duty toward Baldwin is governed not by the standards of premises liability, but rather by traditional negligence standards. This Court recognized inOrr v. Turney, 535 So.2d 150 (Ala. 1988), that negligence principles are applicable when the landowner's active conduct, rather than the condition of the land, causes the injury:
 "Historically, landowners have enjoyed isolation from traditional negligence standards relative to their ownership or *Page 349 
possession of land. Instead, graduated classes, each to whom a separate duty was owed, based upon their relationship to the landowner, became determinative of the landowner's liability. . . .
". . . .
 "This special classification privilege is not generally regarded as applicable, however, when it is the affirmative conduct of the landowner, rather than the condition of his premises, that causes the injury. In this context, the justifications for determining liability based upon the classification of the injured party . . . do not attach. Where the injury is caused by some distinct act of the landowner, rather than by the mere condition of the premises, a different standard for determining liability may arise.
". . . .
 ". . . We reaffirm today the rule set out in W.S. Fowler Rental Equip. Co. v. Skipper, [276 Ala. 593, 165 So.2d 375 (1963)]. A landowner, if he undertakes any affirmative conduct creating a danger to an unwitting licensee,* independent and distinct from the condition of the premises, must give reasonable notice or warning of the danger or exercise reasonable or ordinary care to safeguard against the danger.
535 So.2d at 151-54. In Orr the landowner injured a licensee when, while running with a pan of burning grease, she spilled some on the licensee. That conduct had nothing to do with the condition of the premises. Rather, the injury came from an affirmative act.
The dangerous condition caused by the precarious position of the slab on the dolly is not "independent and distinct from the condition of the premises." Gartman left the slab unattended, it was bumped by his son Steven, and it fell on Baldwin. The balanced slab was a condition of the premises, no matter how briefly it was balanced. Baldwin contends that Gartman's negligent affirmative conduct, qualifying for the Orr exception to premises liability standards, was in leaving the balanced slab on the dolly unattended. In Orr the defendant's conduct was the immediate cause of the injury. Gartman's leaving the slab unattended did not, in and of itself, cause the injury; rather, it produced a dangerous condition. Had Gartman, rather than his son, bumped the slab and caused it to fall, his conduct, distinct from his status as landowner, could then be said to have caused the injury and could be evaluated by an ordinary negligence standard.
In King v. Breen, 560 So.2d 186 (Ala. 1990), and Casey v.Oliver, 577 So.2d 453 (Ala. 1991), this Court distinguished Orr
and held that premises liability standards applied. In King the defendants chained a dog in their yard, and the dog bit a neighbor's child when the child came in the yard. The Court said:
 "Here the defendants engaged in affirmative conduct by chaining the dog to the car and allowing children to play with it. The defendant's conduct, however, is more in the nature of the maintenance of a dangerous condition on their land than the undertaking of an affirmative act."
560 So.2d at 190. In Casey, the defendant left tranquilizers on a shelf over the bed in which her great-granddaughter was preparing to sleep, and the child injured herself by ingesting the pills. The Court stated that the principles of Orr would not be applied to the act of leaving the pills on the shelf, but would be applied to the evidence that the defendant told the child's parents that "It wouldn't hurt her if she had taken it," because "[i]t was just cold medicine." 577 So.2d at 456. Gartman's acts in this case created a dangerous condition on the premises and thus are analogous to the acts of chaining the dog where children would play and leaving the pills where the child could reach them. Thus, the principle of Orr does not apply to this case so as to make ordinary negligence the standard to be applied.
Moreover, Orr is inapplicable in its terms because it is expressly limited to licensees. The appropriate standard in this instance is the duty owed by a landowner *Page 350 
to an invitee.[1] Because Gartman derived a benefit from Baldwin's coming onto the land, Baldwin's status is that of an invitee.Quillen v. Quillen, 388 So.2d 985 (Ala. 1980). "[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." Quillen, 388 So.2d at 988; Grider v. Grider,555 So.2d 104 (Ala. 1989); Knight v. Seale, 530 So.2d 821 (Ala. 1988). Gartman and Baldwin created the condition together. There was no reason Baldwin should not have been completely aware of the danger the cement slab posed. He knew where the slab was and the conditions under which it was standing on the dolly, and he knew that Gartman was no longer attending to it. Baldwin contributed to the existence of the slab's condition and could not have helped being aware of its possible danger.
The summary judgment for Gartman is affirmed.
AFFIRMED.
SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
* "We expressly confine our holding in this case to the duty owed to a licensee by a landowner engaging in affirmative conduct."
[1] Because we hold that the "affirmative conduct" principles do not apply in this case, we express no opinion as to how a negligence action by an invitee based on the landowner's affirmative conduct might differ from an action by an invitee based on the condition of the premises.