[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16038
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00297-WS-N


EUGENE M. COSTA,

Plaintiff,

EVA COSTA,
as Personal Representative for the
Estate of EUGENE M. COSTA, deceased,

Plaintiff-Appellee,


versus

SAM'S EAST, INC.,
d.b.a. Sam's Club,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 29, 2013)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sam's East, Inc., doing business as Sam's Club, appeals the denial of its motion for a new trial and for judgment as a matter of law. Eugene Costa was injured at a Sam's Club store when an employee dislodged a box containing a television that then fell on Costa's leg. Costa complained that Sam's Club was responsible for the negligence of its employee, and Sam's Club removed the complaint to the district court based on diversity of citizenship. 28 U.S.C. §§ 1332(a), 1441. Costa died before trial, and the district court granted a motion to substitute Costa's wife, Eva, as the personal representative of his estate. A jury found Sam's Club liable for Costa's injuries. Sam's Club argues that the district court erred by applying the law of negligence instead of premises liability and by admitting portions of the deposition of Costa's treating physician about the effect of Costa's injury on his health. We affirm.

The undisputed evidence established that Costa was injured while having his television inspected by an employee of Sam's Club. As the employee attempted to connect the television to an antenna post, the employee dislodged from a shelf a box containing another television. The box fell on Costa's left leg and caused a hematoma and severe swelling. Costa, who suffered from heart disease, developed

2

acute renal failure associated with the hematoma and his health continued to deteriorate. Costa later died of congestive heart failure.

This appeal is governed by two standards of review. We review de novo the denial of a motion for a judgment as a matter of law. Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). We review the denial of a motion for a new trial for abuse of discretion. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1312 (11th Cir. 2013). Under that standard, "[o]ur review of the district court's decision to admit [expert] testimony is very limited." Maiz v. Virani, 253 F.3d 641, 662 (11th Cir. 2001). "Our cases, consistent with Rule 61 of the Federal Rules of Civil Procedure, hold that a new trial is warranted only where [an] error has caused substantial prejudice to the affected party (or, stated somewhat differently, affected the party's 'substantial rights' or resulted in 'substantial injustice')." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1162 (11th Cir. 2004) (internal footnote omitted).

The district court did not err by instructing the jury to apply the law of negligence instead of premises liability. Under Alabama law, which the parties agree applies, "negligence principles are applicable when the landowner's active conduct, rather than the condition of the land, causes the injury[.]" Baldwin v. Gartman, 604 So. 2d 347, 348 (Ala. 1992) (citing Orr v. Turney, 535 So. 2d 150 (Ala. 1988)); see also Lilya v. Greater Gulf State Fair, Inc., 855 So. 2d 1049, 1053

3

(Ala. 2003); Powell v. Piggly Wiggly Ala. Distrib. Co., Inc., 60 So. 3d 921, 924 (Ala. Civ. App. 2010). The undisputed evidence at trial established that Costa's injury was caused by the active conduct of an employee of Sam's Club instead of a dangerous condition in the store. When the employee dislodged the box from the shelf, he created a danger to Costa that was "independent and distinct from the condition of the premises," see Baldwin, 604 So. 2d at 349 (quoting Orr, 535 So. 2d at 154), and made "ordinary negligence the standard to be applied," see id. The district court did not err in refusing to instruct the jury to apply the law of premises liability. See Gowski v. Peake, 682 F.3d 1299, 1315 (11th Cir. 2012) ("The purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case.").

Sam's Club argues that the law of negligence does not apply to an invitee like Costa, but we disagree. As the Supreme Court of Alabama explained in Orr, if "the affirmative conduct of the landowner, rather than the condition of his premises, . . . causes the injury," then "the justifications for determining liability based upon the classification of the injured party (which, while perhaps anachronistic, are yet viable in Alabama) do not attach." 535 So. 2d at 152. After Orr, Alabama courts have continued to determine the applicable law based on the cause of the injury. In Baldwin, an invitee was injured when he was struck by a slab of concrete knocked off a dolly by the landowner's son. 604 So. 2d at 348,

4

350.  The Supreme Court of Alabama held that the tort claim was governed by the law of premises liability because the landowner had created a dangerous condition on his land.  Id. at 349.  But, the court explained, "[h]ad [the landowner] . . . bumped the slab and caused it to fall, his conduct, distinct from his status as landowner, could then be said to have caused the injury and could be evaluated by an ordinary negligence standard."  Id.  Similarly, in Lilya, when an invitee at a fair sued for injuries caused by a mechanical bull, the Supreme Court of Alabama determined that the issue "whether the duty owed . . . by Gulf State Fair should be extracted from general principles of negligence or of premises liability" turned on "whether the injury was caused by some affirmative conduct of the landowner or by a condition of the premises."  855 So. 2d at 1053.  And recently in Powell, the Court of Civil Appeals applied the law of negligence to determine whether Piggly Wiggly was liable when a warehouse employee struck a visitor with a forklift.  60 So. 3d at 924–26.  Costa's status as an invitee did not affect the decision whether to apply the law of negligence.

The district court also did not abuse its discretion by admitting portions of the video deposition of Dr. Michael O'Dowd to explain Costa's injury and how the accident affected his health.  Under Alabama law, Costa's estate had to prove that he suffered "an injury or damage resulting from the . . . conduct" of the Sam's Club employee.  See Cook's Pest Control, Inc. v. Rebar, 28 So. 3d 716, 725 (Ala.

5

2009).  Dr. O'Dowd, Costa's cardiologist and treating physician, testified that Costa was "always a little ill" because he suffered from coronary heart disease, the hematoma caused him to "develop[] acute renal failure" and "deteriorate," and "eventually he just died from heart failure."  See Fed. R. Evid. 702(a).  Sam's Club argues that Dr. O'Dowd's statements that Costa's health deteriorated more quickly after his injury was unduly prejudicial, under Federal Rule of Evidence 403, but the probative value of those statements outweighed their possible prejudicial effect. Costa's estate was entitled to recover "compensatory damages to compensate for [Costa's] expenses and losses incurred up to . . . [his] death," and could introduce evidence to explain the full extent of Costa's physical injuries.  See King v. Nat'l Spa and Pool Inst., Inc., 607 So. 2d 1241, 1248 (Ala. 1992).  And the district court was careful to exclude any evidence that was unduly prejudicial.  Before trial, the district court examined Dr. O'Dowd's testimony and excluded statements suggesting that Costa's injury caused or contributed to his death.  Sam's Club was not substantially prejudiced by Dr. O'Dowd's testimony that Costa's injury was debilitating.  See Vanguard Research, 378 F.3d at 1162.

 We **AFFIRM** the judgment in favor of Costa's estate.

6