

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00073-CV
_____

STERLING WILSON AND MARY WILSON, APPELLANTS

V.

NORTHWEST TEXAS HEALTHCARE SYSTEM, INC., APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 105,905-B, Honorable John B. Board, Presiding

May 29, 2019

OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Sterling and Mary Wilson, appellants, sued Northwest Texas Healthcare System, Inc., appellee, for injuries suffered by Sterling Wilson ("Wilson") arising from a slip and fall. Appellants appeal the trial court's granting of summary judgment in favor of Northwest. We affirm.

Background

In September of 2016, Wilson went to Northwest Texas Hospital to visit his wife, Mary, a patient in the hospital. As Wilson approached a hospital elevator, he encountered

Jerry Hill, a floor technician. Hill was in the process of taking a floor buffing machine to a fellow staff member located in another area of the hospital. Wilson saw the floor cleaning machine when he walked into the hallway, and recalled it was big and gray. According to Wilson, the floor cleaning machine is taller than a table and at least the width of an adult's body. The machine was partially blocking the hallway in front of the elevator. Hill immediately stopped pushing the machine when Wilson caught his attention. As Wilson headed to the elevator, he fell when he attempted to go between the machine and the wall. The machine was not running and was not in use at the time of Wilson's fall.

Wilson testified he slipped on water that was on the floor. He did not know how long the water had been on the floor, only that he fell on it. Hill testified that part of his job responsibility was to make sure the floor was clean and check it for any spills. On the day in question, Hill had drained the floor cleaning machine, checked to make sure the machine was dry, and was pushing the machine through the hallway to take it to another floor technician when he encountered Wilson. Hill saw no spills on the floor and testified he did not believe the floor was wet. In addition, Hill inspected the floor after Wilson's fall and did not see anything wet on the floor. Hill further testified the floor would not have been wet from any cleaning, because that area of the floor had not yet been cleaned.

Appellants sued Northwest for negligence, premises liability, and gross negligence.[1] In the third amended petition, appellants alleged Wilson was injured "as a result of a dangerous condition in that [Northwest] had a floor cleaning machine in the doorway of the hall, in front of the elevators" and because of liquid on the floor. Northwest filed a traditional and no-evidence motion for summary judgment. In its traditional motion

---

[1] Wilson makes no argument on appeal that there is evidence of gross negligence.

for summary judgment, Northwest asserts that appellants' negligence claim is barred as a matter of law, and that, on the premises liability claim, Northwest did not have actual notice of any dangerous condition and did not owe or breach any duty to Wilson. In its no-evidence motion, Northwest asserts there is no evidence that: (1) a dangerous condition existed on Northwest's premises, (2) Northwest was aware or should have been aware of the allegedly dangerous condition, (3) Wilson was not aware of the condition, and (4) the alleged condition proximately caused the accident and/or appellants' damages. The trial court granted the motion for summary judgment without specifying the grounds, and appellants appeal.

## Standard of Review

We review the trial court's decision to grant summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A trial court properly grants a motion for summary judgment when the movant has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). When the trial court does not specify the grounds for its summary judgment, the appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Id.* at 216.

In reviewing a no-evidence summary judgment, we must consider all the evidence "in the light most favorable to the party against whom the summary judgment was

3

rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not." *Gonzalez v. Ramirez,* 463 S.W.3d 499, 504 (Tex. 2015) (per curiam) *quoting Mack Trucks, Inc. v. Tamez,* 306 S.W.3d 572, 582 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will affirm a no-evidence summary judgment if the record shows one of the following: (1) there is no evidence on the challenged element, (2) the evidence offered to prove the challenged element is no more than a scintilla, (3) the evidence establishes the opposite of the challenged element, or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *City of Keller*, 168 S.W.3d at 810.

Analysis

Motion to compel hearing

In the first issue, appellants contend "reversible error arises from improper venue."[2] We construe appellants' issue to complain of the trial court's conducting a hearing on Northwest's motions to compel discovery in Randall County as opposed to Potter County where the case is filed.

The 181st Judicial District is composed of Potter and Randall counties. TEX. GOV'T CODE ANN. § 24.361(a) (West 2004). Section 24.361(b) of the Texas Government Code provides that the 181st District Court may hear and determine, in any county in the district

---

[2] The underlying suit was filed in Potter County. The clerk's record does not contain a motion to transfer venue. However, there is a document filed with the clerk on November 27, 2017, entitled "Plaintiff's Objections to the Court hearing Defendant's Motion to Compel in Randall County." Appellants have also designated a record from the court reporter from a hearing on defendant's motion to compel written discovery responses and a motion to compel expert documents heard on November 28, 2017.

convenient for the court, all preliminary or interlocutory matters in which a jury may not be demanded, in any case pending in any county in the district regardless of whether the case was filed in the county in which the hearing is held. *Id.* § 24.361(b).

A hearing on a motion to compel is a preliminary matter in which a jury may not be demanded. *See Miller v. Stout*, 706 S.W.2d 785, 787 (Tex. App.—San Antonio 1986, no writ) (preliminary motions such as motions for sanctions due to failure to respond to discovery requests, motions to dismiss for want of prosecution, motions to dissolve temporary restraining orders, and motions to recuse do not involve the merits or ultimate issues of fact and would interminably prolong litigation if required to be determined by a jury). Thus, the 181st District Court could hold a hearing on the motion to compel in Randall County, even though the case was filed in Potter County. We overrule issue one.

Disposition of negligence claim

In the second issue, appellants assert "a reasonable jury could view the evidence and decide in favor of [appellants]." We construe this issue as a complaint that there are fact issues which prevent the trial court's granting of the summary judgment.

In its traditional motion for summary judgment, Northwest asserts that appellants' negligence claim is barred as a matter of law. Under Texas law, a person injured on another's property has two potential causes of action against the owner of the property: (1) a negligence claim for negligent activity on the premises, and (2) a premises liability claim for an unreasonably dangerous condition on the premises. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Although both liability theories are based on negligence principles, they are independent theories that require different elements of proof. *See Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997). When

5

the alleged injury is the result of a negligent activity, the injured party must have been injured by, or as a contemporaneous result of, the activity itself. *Keetch,* 845 S.W.2d at 264. When the alleged injury is caused by an unsafe or dangerous condition on the premises, the injured party is limited to a premises liability theory and must prove his status to establish the type of duty owed by the premises owner. *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 163-64 (Tex. App.—Dallas 2011, no pet.). Artful phrasing of the pleadings to encompass any other theory of negligence does not affect the application of premises liability law. *Id.* at 163.

Appellants' last filed pleading was the third amended original petition. Therein, appellants allege Wilson was "injured as a result of a dangerous condition in that [Northwest] had a floor cleaning machine in the doorway of the hall, in front of the elevators. And, there was a liquid on the floor." Notably, appellants do not allege that Wilson was injured as a result of any activity. Rather, appellants' claims relate to the condition of the property and allege the property itself was unsafe.

Appellants also allege negligence in failing to train and supervise Hill, the floor technician. However, these allegations relate to Hill's conduct in creating, failing to warn of, or failing to correct the condition of the premises. These allegations do not relate to any negligent contemporaneous activity that caused injury to Wilson.

In appellants' response to the motion for summary judgment, they claim Wilson slipped on water. They do not claim that a contemporaneous activity caused Wilson any injury. The floor technician, Hill, testified that he drained the machine and he was taking it to another employee. When Hill encountered Wilson, Hill stopped pushing the machine. Appellants' expert, Jerry Birnbach, testified he will not offer an opinion on whether any

6

movement of the machine contributed to the accident. Thus, the evidence establishes that the machine was not in use, Wilson was not injured by any activity of cleaning the floor, and Wilson was not injured by the operation of the machine.

Accordingly, we conclude that appellants' negligence and negligent activity claims are based on an unsafe or dangerous condition on the property: the placement of the machine and the presence of liquid on the floor. When the alleged injury is the result of the condition of the premises, the injured party can recover only under a premises liability theory, not negligent activity. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Newman v. Centerpoint Energy Houston Elec., LLC*, No. 14-16-00007-CV, 2017 Tex. App. LEXIS 4772, at *13 (Tex. App.—Houston [14th Dist.] May 25, 2017, no pet.) (mem. op.). Consequently, appellants' negligence claim is barred as a matter of law.

Premises liability claim

Injured parties may sue a property owner under a premises liability theory, a form of negligence. In cases where a person is injured on the premises of another, the duty owed by the landowner depends on the status of the person injured on the premises. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). Claimants traditionally have been classified as invitees, licensees, or trespassers.[3] *Mayer v. Willowbrook Plaza, Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet).

An invitee enters land with the owner's knowledge and for the mutual benefit of both. *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). This category focuses on whether a claimant had present

---

[3] There is no allegation that Wilson is a trespasser. Appellants contend that Wilson is an invitee.

7

business relations with the owner or possessor of land at the time of injury that would make the claimant's presence of mutual benefit. *Id.* at 135. A licensee enters and remains on the premises with the owner's consent and for the licensee's own convenience, on business with someone other than the owner. *Mayer,* 278 S.W.3d at 910. Absent a relationship inuring to the mutual benefit of the claimant and the owner, a claimant is classified as a licensee.

In the summary judgment motion, Northwest claims that Wilson is a licensee. In response, appellants contend Wilson is an invitee. When the status of the claimant is at issue, the claimant has the burden to establish his status. *Newman,* 2017 Tex. App. LEXIS 4772, at *19. In this case, the undisputed evidence establishes that Wilson was on the premises of Northwest to visit his sick wife. No evidence suggests that Wilson was conducting any business with the hospital or that he was present because of a mutual benefit or invitation. Under these circumstances, we conclude appellants failed to raise a fact issue regarding Wilson's status on the premises as an invitee. Instead, we conclude that Wilson is a licensee.

The duty owed to a licensee is not to injure the licensee willfully, wantonly, or through gross negligence, and, in cases in which the owner has actual knowledge of a dangerous condition unknown to the licensee, to warn of or make safe the dangerous condition. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016); *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 563 (Tex. 1976); *Mayer*, 278 S.W.3d at 910. A property owner is liable to a licensee only if the owner has actual knowledge of the condition that injured the claimant. *Wong v. Tenet Hosps., Ltd.*, 181 S.W.3d 532, 537 (Tex. App.—El Paso 2005, no pet.). Actual knowledge rather than constructive knowledge of the dangerous condition is required. *Sampson*, 500 S.W.3d at 392.

8

Furthermore, the licensee must show that the owner actually knew of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition could develop over time. *Id.*

In order to establish liability, a licensee, such as Wilson, must prove (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the owner or occupier actually knew of the condition, (3) the licensee did not actually know of the condition, (4) the owner or occupier failed to exercise ordinary care to protect the licensee from danger, and (5) the owner or occupier's failure was a proximate cause of injury to the licensee. *Id.* at 391.

In its no-evidence motion, Northwest asserts there is no evidence that Northwest had actual knowledge of an unreasonably dangerous condition on its premises and that Wilson did not actually know of the condition.

The summary judgment evidence establishes that Wilson saw the floor technician with the machine when he walked into the hallway. The machine was big and gray. Wilson did not know how long the water had been on the floor, only that he fell in it. The floor technician testified that he drained the machine, checked to make sure the machine was dry, and he did not see any spills on the floor. The floor where the fall occurred would not have been wet from any cleaning, because the floor had not yet been cleaned. After the incident, the floor technician performed a visual inspection of the floor and did not see anything wet on the floor. At no time did Wilson indicate that the machine was involved or caused him to fall.

Appellants point to the report of their expert, Jerry Birnbach, who "identifies both the water and the machine as the cause of the fall." But Birnbach did not review any

9

documents indicating whether Northwest was aware of liquid on the floor, or whether the machine leaks water, empty or not. Birnbach relies solely on the deposition testimony of Wilson that there was water on the floor. This evidence does not establish that Northwest had actual knowledge of any liquid on the floor.

We conclude (1) appellants failed to present evidence sufficient to raise a genuine issue of material fact that Northwest was actually aware of the presence of any water or liquid on the floor, and (2) Wilson's knowledge of the presence of the floor cleaning machine forecloses the premises liability claim. *See Wyckoff*, 357 S.W.3d at 164-65. As such, the trial court properly granted the no-evidence motion for summary judgment. We overrule issue two.

Conclusion

Having overruled both of appellants' issues, we affirm the summary judgment.


Judy C. Parker
Justice

10