# NO. 12-19-00397-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BECKY SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *GERALD BRITTAIN,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Becky Smith appeals a summary judgment order entered in favor of Gerald Brittain. In a single issue, Smith urges the trial court erred in granting summary judgment. We reverse and remand.

## BACKGROUND

Brittain was diagnosed with Parkinson's and needed home health care due to his physical limitations. Smith, Brittain's stepdaughter, stayed at Brittain's house and handled his care and maintenance. This consisted of mopping, sweeping, cleaning dishes, preparing meals, maintaining the yard, transporting Brittain to and from medical appointments, managing his finances and payment of his medical bills, and filing his taxes. Smith had been handling Brittain's care and maintenance for years when, in May 2015, he executed a durable power of attorney in Smith's favor. Smith stayed at Brittain's house for approximately two weeks at a time when she was not traveling with her husband for his work. While at Brittain's home, Smith stayed in a room that had been converted from a carport. The converted carport contained Smith's bedroom and a laundry room. The carport was only accessible via a homemade ramp. The ramp allowed Brittain to access the laundry room via the handrails when Smith was not in the home. The ramp is described as a piece of plywood affixed to two stairs with a handrail and

1

covered with indoor/outdoor carpet. Smith and her granddaughter had slipped on the ramp in the past, and Smith described the ramp as steep and slippery. However, Brittain refused to allow Smith to remove the ramp.

On July 31, 2015, Smith checked on Brittain, who was watching television, around 11:30 p.m. When she attempted to return to her room, she slipped on the ramp and was injured. She suffered facial fractures and a fractured wrist, all of which required surgery.

Ultimately, Smith sued Brittain alleging that the ramp constituted a premises defect. She urged that she was either a licensee or invitee and the ramp was an unreasonably dangerous condition. Brittain filed a traditional motion for summary judgment alleging that Smith was a licensee as a matter of law and that her knowledge of the allegedly dangerous condition precluded his liability. Smith responded that she was an invitee and her knowledge did not preclude liability under the necessary use exception. Following two hearings and supplemental briefing, the trial court granted the motion for summary judgment without specifying the grounds. This appeal followed.

## MOTION FOR SUMMARY JUDGMENT

In her sole issue, Smith urges the trial court erred in granting summary judgment. Specifically, she contends that fact issues remain regarding her status as an invitee or licensee. She further argues that fact issues exist regarding the power of attorney's effect.

### Standard of Review

The standard for reviewing a traditional summary judgment is well-established. The movant for traditional summary judgment bears the burden of showing the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant establishes a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present the trial court with any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Generally, a trial court may not consider summary judgment evidence not referenced in or incorporated into the motion. *Fed.*

*Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

We review the record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any theory advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

**Applicable Law**

In Texas, a person injured on another's property may sue the property owner or occupier under a premises-liability theory for injuries sustained as the result of an unreasonably dangerous condition on the premises. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Premises liability is a special form of negligence where the degree of care the property owner owes to the injured party depends on the status of the injured party, in relationship to the property, at the time the incident occurred. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004)); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). With respect to premises liability claims, an injured person is classified as either a trespasser, licensee, or invitee. *Wilson v. Northwest Tex. Healthcare Sys., Inc.*, 576 S.W.3d 844, 850 (Tex. App.—Amarillo 2019, no pet.).

"A person is a trespasser where he enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or on any business of such person, but merely for his own purposes, pleasures, or convenience, or out of curiosity, and without any enticement, allurement, inducement, or express or implied assurance of safety from the owner or person in charge." *Texas-Louisiana Power Co. v. Webster*, 91 S.W.2d 302, 306 (Tex. 1936). More recently, in a premises liability case, the Texas Supreme Court stated that "[a] trespasser at common law was one who entered upon property of another without any legal right or invitation, express or implied." *State v. Shumake*, 199 S.W.3d 279, 285 (Tex. 2006) (citing *Webster*, 91 S.W.2d at 306). The only duty a property owner or occupier owes a trespasser is the duty not to injure that person willfully, wantonly, maliciously, or as a result of gross negligence. *See*

***Boerjan v. Rodriguez***, 436 S.W.3d 307, 311 (Tex. 2014) (citing ***Texas Utilities Electric Co. v. Timmons***, 947 S.W.2d 191, 193 (Tex. 1997)); *see also* RESTATEMENT (SECOND) OF TORTS § 333 (1965).

A licensee is a person who enters on the property of another with the owner's or occupier's consent and for the licensee's own convenience. ***Wilson***, 576 S.W.3d at 850 (finding that claimant was a licensee when he was injured on the premises of a hospital while visiting his wife, a patient in that hospital). As to a licensee, a property owner or occupier owes a duty not to injure the licensee willfully, wantonly, or through gross negligence, and, in cases in which the owner has actual knowledge of a dangerous condition unknown to the licensee, a property owner owes a licensee the duty to warn or make safe the dangerous condition. ***Id.*** (citing ***Sampson v. Univ. of Tex. at Austin***, 500 S.W.3d 380, 391 (Tex. 2016)). Therefore, in order to establish liability, a licensee must prove: (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the owner or occupier had actual knowledge of the condition, (3) the licensee did not have knowledge of the condition, (4) the owner or occupier failed to exercise ordinary care to protect the licensee from danger, and (5) the owner's or occupier's failure was a proximate cause of injury to the licensee. ***Wilson***, 576 S.W.2d at 851.

An invitee is usually defined as someone who enters onto property with the owner's knowledge and for the mutual benefit of both parties. ***Rosas***, 518 S.W.2d at 536. An invitee has also been defined somewhat more broadly as someone who enters another's property on the business of or to the benefit of the landowner. *See **Cowart v. Meeks***, 111 S.W.2d 1105, 1107 (Tex. 1938) ("In the absence of some relation which inures to the mutual benefit of the two, *or to that of the owner,* no invitation can be implied, and the injured person must be regarded as a mere licensee.") (emphasis added; citation omitted); ***Tex. Power & Light Co. v. Holder***, 385 S.W.2d 873, 885 (Tex. Civ. App.—Tyler 1964), *writ ref'd n.r.e.,* 393 S.W.2d 821 (Tex. 1965) (invitee is one "who goes on the premises of another in answer to the express or implied invitation of the owner . . . *on the business of the owner . . .* or for their mutual advantage") (emphasis added).

As to an invitee, a property owner or occupier owes the same duties owed to a trespasser or licensee; and, in addition, the property owner owes a duty to keep its premises reasonably safe. While "the duty owed by an owner or occupier of premises to an invitee is not that of an insurer," the owner or occupier does owe a duty to exercise reasonable care to protect against

4

danger from a condition on the premises that creates an unreasonable risk of harm of which the owner or occupier has actual or constructive knowledge. ***CMH Homes, Inc. v. Daenen***, 15 S.W.3d 97, 101 (Tex. 2000). The essential elements of a premises liability cause of action as to an invitee include the following: (1) the claimant was an invitee, (2) the defendant was an owner or occupier of the premises, (3) a condition on the premises posed an unreasonable risk of harm, (4) the property owner or occupier knew or reasonably should have known about the condition, (5) the defendant breached its duty of ordinary care by either (a) failing to make the condition reasonably safe (eliminate the risk) or (b) failing to adequately warn of the premises defect (reduce the risk), and (6) the defendant's breach proximately caused the claimant's injuries. ***Id.*** at 99.

Whether an entrant is an invitee or a licensee depends on that person's purpose in coming onto the property. ***Peerenboom v. HSP Foods, Inc.,*** 910 S.W.2d 156, 163 (Tex. App.—Waco 1995, no writ). A property owner's friends or family are generally treated as licensees. *See, e.g.,* ***Knorpp v. Hale,*** 981 S.W.2d 469, 472 (Tex. App.—Texarkana 1998, no pet.) (noting that social guests are treated as licensees); ***Dominguez v. Garcia,*** 746 S.W.2d 865, 866–67 (Tex. App.—San Antonio 1988, writ denied) (same). Such cases usually involve guests who were invited to the premises for social purposes. *See, e.g.,* ***Knorpp,*** 981 S.W.2d at 471–72 (boyfriend of property owners' daughter invited to property and helped cut down tree for New Year's bonfire); ***Dominguez,*** 746 S.W.2d at 866 (minor child invited to property to attend birthday party); ***Buchholz v. Steitz,*** 463 S.W.2d 451, 452 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.) (adult invited to friend's house for lunch and swim); ***Crum v. Stasney,*** 404 S.W.2d 72, 73–74, 75 (Tex. Civ. App.—Eastland 1966, no writ) (brother-in-law of ranch's foreman injured during visit to ranch when he went into field to have picture taken with mule; held that even if injured man was initially invitee, he was licensee when injured because he went beyond purposes of invitation and business dealings).

**Status and Duty**

Brittain moved for summary judgment on grounds that the undisputed facts showed that Smith was a licensee and he had no duty to warn her of the condition because Smith had actual knowledge. In response, Smith contended that she was an invitee. Thus, the issue is whether Brittain established as a matter of law that he owed Smith the duties of a licensee. Brittain argues that ***Knorpp*** illustrates that a person such as Smith would be a licensee. In ***Knorpp,*** Todd

Erwin, Autumn Hale's boyfriend, was killed while cutting down a tree at Autumn's parents' house. **Knorpp**, 981 S.W.2d at 471. The entire discussion relating to Erwin's status was whether cutting down the tree met the mutual benefit test for determining his status as an invitee. **Id**. at 473–75. The Texarkana Court of Appeals held that Erwin was a licensee without considering or discussing whether an activity that benefits an owner or occupier of the premises can make the status of the helper an invitee. **Id**. at 475.

Contrary to the Texarkana Court's approach, the Dallas Court of Appeals has held that an invitee is one whose presence serves the possessor's economic interest. **Buchholz**, 463 S.W.2d at 453; **McClure v. Rich**, 95 S.W.3d 620, 626 (Tex. App.—Dallas 2002, no pet.). Accordingly, when a homeowner receives an economic benefit from the presence of a person whom the homeowner has asked to help, the person can be an invitee. *See* **Buchholz**, 463 S.W.2d at 453*; see also* **Smith v. Smith**, 563 S.W.3d 14, 18-19 (Ky. 2018) (fact issue existed as to whether great-grandmother was licensee or invitee); **Baldwin v. Gartman**, 604 So.2d 347, 350 (Ala. 1992) (neighbor an invitee when homeowner derived benefit from neighbor coming onto land to assist in moving slabs to form path); **Atkinson v. Ives**, 255 P.2d 749, 752 (Colo. App. 1953) (to be invitee, "plaintiff would have to be on defendant's property by invitation, express or implied, for some purpose of interest or advantage to defendant"); **Hottmann v. Hottmann**, 572 N.W.2d 259, 260–61 (Mich. Ct. App. 1997) (brother an invitee when on property owner's premises to perform services beneficial to owner who enlisted brother's help in installing roof); **Durst v. Van Gundy**, 455 N.E.2d 1319, 1321 (Ohio Ct. App. 1982) (father an invitee when on owner's property at host's invitation for purpose in which host had a beneficial interest, i.e., installation of security light); **Schlicht v. Thesing**, 130 N.W.2d 763, 765–66 (Wis. 1964) (grandmother an invitee when gratuitously performing babysitting services at request of homeowner).

Here, Smith presented summary judgment evidence that, although a relative, she was not on the premises for a social event. She was at the home for the sole purpose of caring for her ailing stepfather. Brittain had Parkinson's disease, which affected his physical ability to care for himself. Smith presented evidence that because of his condition, Brittain required around-the-clock care. Smith's care for Brittain included mopping, sweeping, cleaning dishes, preparing meals, maintaining the yard, transporting Brittain to medical appointments and attending those appointments, paying his bills, managing his finances, and filing his taxes. This care arguably provided an economic benefit to Brittain as he did not have to pay for at-home healthcare. In

6

addition, Smith arguably received a benefit in return because she was allowed to reside in Brittain's home. Because Smith presented evidence that she served Brittain's economic interest, she raised a fact issue as to Brittain's claim that she was a licensee. *See McClure*, 95 S.W.3d at 626. Thus, the trial court improperly granted summary judgment on grounds that Smith was owed the duties to a licensee.

We reach the same conclusion with respect to Brittain's argument that, even if Smith were an invitee, he owed her no duty because Smith asserted control over the premises under the power of attorney, which he contends provided Smith with equal authority to control the premises and repair the ramp.

A power of attorney creates an agency relationship, which is a fiduciary relationship as a matter of law. *Vogt v. Warnock,* 107 S.W.3d 778, 782 (Tex. App.—El Paso 2003, pet. denied); *Plummer v. Estate of Plummer*, 51 S.W.3d 840, 842 (Tex. App.—Texarkana 2001, pet. denied). "When persons enter into fiduciary relations[,] each consents, as a matter of law, to have his conduct towards the other measured by the standards of the finer loyalties exacted by courts of equity." *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex. 1980). Consequently, a fiduciary owes his principal a high duty of good faith, fair dealing, honest performance, and strict accountability. *Sassen v. Tanglegrove Townhouse Condo. Ass'n*, 877 S.W.2d 489, 492 (Tex. App.—Texarkana 1994, writ denied).

Brittain urges that the power of attorney gave Smith an affirmative duty to act to repair the alleged dangerous condition, which absolved Brittain of any duty owed to her. Brittain points out the power of attorney vested Smith with the authority to make and pay for repairs or alterations to the real property under the Texas Estates Code. *See* TEX. EST. CODE ANN. §§ 752.102, 752.111 (West 2020). However, Brittain failed to provide any cases, and we have found none, demonstrating that an agent under a power of attorney has any sort of affirmative duty to act or make repairs to property. In addition, Smith presented evidence that she did not have control over the ramp. Smith testified in her deposition that "her daddy wouldn't let [her]" change the ramp and that "what he says goes." An agent under a durable power of attorney is a fiduciary to the principal only when acting as an agent and has a duty to inform and account for actions taken under the power of attorney. *Id.* § 751.101 (West 2020). The most important presumption of agency is that the agent acts in accordance with the wishes of the principal. *Breceda v. Whi*, 187 S.W.3d 148, 152 (Tex. App.—El Paso 2006, no pet.). Furthermore, the

7

Estates Code explicitly states that the principal has the right to give additional instructions to or make additional requirements of the agent. TEX. EST. CODE ANN. § 751.106 (West 2020). As a result, it is axiomatic that the power of attorney did not grant Smith the authority to act against Brittain's wishes. No evidence was presented that Brittain had been declared incompetent at the time of the request. Thus, the trial court improperly granted summary judgment on the grounds that the power of attorney absolved Brittain of any duty owed to Smith.

**Invitee Elements**

Having concluded that Brittain failed to establish Smith's status as a licensee as a matter of law, we now review the record to determine whether Brittain established that there was no genuine issue of material fact on the elements of a premises liability claim based on Smith's claim of invitee status, to wit: (1) Brittain had actual or constructive knowledge of the allegedly dangerous condition; (2) the condition posed an unreasonable risk of harm; (3) Brittain did not exercise reasonable care to eliminate the risk; and (4) Brittain's acts or omissions proximately caused Smith's fall.

Regarding the knowledge test, Smith claims the evidence shows that Brittain was aware of the danger because she previously asked him to replace the ramp. Smith presented deposition testimony that she asked Brittain to replace the ramp and that he would not allow it. This evidence at least raises a fact issue as to whether Brittain knew or should have known that the ramp was dangerous.

As to the dangerous condition element, Brittain argued that the ramp must have been safe because the ramp was equipped with handrails and Smith traversed it previously without slipping. However, Smith testified that the ramp was "steep" and "slippery." She also testified that she and her granddaughter had slipped on the ramp in the past. Taking the evidence in the light most favorable to Smith, a fact issue exists as to whether the ramp was an unreasonably dangerous condition.

With regard to the reasonable care element, Brittain argued that it was actually Smith's responsibility to repair or replace the ramp and that Smith's knowledge of the ramp's dangers negated any duty on his part to eliminate the risk. As discussed above, the power of attorney did not confer absolute control over the premises to Smith. Smith admits that she knew the ramp was dangerous; however, she contends that she had no alternative means to access her room. An otherwise adequate warning is insufficient to make the premises reasonably safe when the invitee

8

must necessarily use the dangerous condition and, despite the invitee's awareness and appreciation of the danger, the invitee is incapable of taking precautions that will adequately reduce the risk. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 208 (Tex. 2015). The evidence is undisputed that traversing the ramp was the only way for Smith to return to her room in the converted carport. And her request to have the ramp replaced was denied by Brittain. As a result, the evidence raised a fact issue on the necessary use exception.

Finally, as to proximate cause, Smith had to present evidence that the ramp was a cause in fact of her injury and foreseeable. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992). "Cause in fact" means that the act or omission was a substantial factor in bringing about the injury, and without it, harm would not have occurred. *Id.* "Foreseeability" means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. *Id.* Foreseeability does not require that the actor foresee the particular accident or injury that in fact occurs. *Brown v. Edwards Transfer Co.,* 764 S.W.2d 220, 223 (Tex. 1988). Nor does foreseeability require that the actor anticipate just how the injury will grow out of a particular dangerous situation. *Id.* at 224. All that is required is that the injury be of such a general character as might reasonably have been anticipated and that the injured party be so situated with relation to the wrongful act that injury might reasonably have been foreseen. *Id.* Brittain argued that Smith, not himself, was the cause of Smith's injuries. However, we have already rejected Brittain's argument that the power of attorney absolves him of all potential liability. The evidence shows that Smith fell while using the ramp, which was steep and slippery, and that she suffered injuries when she fell. As a result, Brittain failed to conclusively negate the causation element of the premises liability claim. Accordingly, a fact issue exists with respect to Smith's invitee status.

## Summary

Because we have determined that Smith brought forth evidence to raise a genuine issue of material fact on the elements of her premises liability claim, we conclude the trial court improperly granted summary judgment in Brittain's favor. We sustain Smith's sole issue.

### DISPOSITION

Having sustained Smith's sole issue, we *reverse* the trial court's judgment and *remand* this case for further proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-19-00397-CV**

**BECKY SMITH,**
Appellant
V.
**GERALD BRITTAIN,**
Appellee

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 17CV34052)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be reversed and the cause remanded to the trial court for further proceedings in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*