

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00094-CV

PATRICIA KING, APPELLANT

V.

ER OPCO CRAIG LLC D/B/A THE CRAIG SENIOR LIVING, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 112723-A-CV, Honorable Dee Johnson, Presiding

March 3, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Patricia King, appeals from the summary judgment entered against her by Appellee, ER OPCO Craig, LLC d/b/a The Craig Senior Living. King, a licensed vocational nurse, slipped on an icy sidewalk while leaving her shift at The Craig and suffered serious injuries. She claims The Craig assumed a duty to clear the ice when it promised employees it would take care of the sidewalks. We hold that even if The Craig undertook such a duty, ice and snow are naturally occurring conditions for which no actionable duty arises under Texas law. We affirm.

## BACKGROUND

February 3, 2022, brought a winter storm to Amarillo. As snow continued to fall that day, an employee emailed Angela McDonald, noting that the sidewalks and front entrance needed to be cleared. McDonald replied that staff were working on it but acknowledged the effort was "kinda fighting a losing battle right now" given the continuing snowfall. Six minutes later, she wrote again: "Either myself or my floor techs will clear it the best we can, grounds has their hands full." Employees were also allegedly told that The Craig would "take care of" the sidewalks. When King stepped from the nursing home driveway onto the adjacent assisted living sidewalk at the end of her shift, she fell and broke her hip.

Unable to walk, King crawled to the assisted living entrance, where the automatic doors repeatedly opened and closed on her until a nurse and assistant spotted her on the ground. King was helped into a wheelchair and began warming while an ambulance was summoned.

The ambulance transported King to the hospital, where she underwent hip surgery and was treated for frostbite and hypothermia. After her discharge, King transferred to The Craig for rehabilitation and remained there over a month before regaining enough strength to walk. She continued physical therapy after leaving the facility.

King then sued The Craig for her injuries. The Craig moved for traditional summary judgment, arguing there was no genuine issue of material fact as to whether King was an invitee, whether The Craig owed her a duty, or whether The Craig caused her injuries. The trial court granted the motion. This appeal followed.

2

Summary judgments are reviewed de novo, in the light most favorable to the non-movant. *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). When a defendant moves for traditional summary judgment, it must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. (quoting TEX. R. CIV. P. 166a(c)). When the court's reasons for granting the summary judgment are not specified, we affirm if any theory presented and preserved below is meritorious. *Wilson v. Nw. Tex. Healthcare Sys., Inc.*, 576 S.W.3d 844, 847–48 (Tex. App.—Amarillo 2019, no pet.).

<u>Did The Craig Breach Any Duty to King?</u>

King's second issue, pertaining to the elements of negligence, is determinative, so we address it first. To prevail on a premises liability claim, King must prove The Craig had actual or constructive knowledge of a condition on its premises, the condition posed an unreasonable risk of harm, The Craig failed to exercise reasonable care to reduce or eliminate that risk, and its failure proximately caused her injuries. *Pay and Save, Inc. v. Canales*, 691 S.W.3d 499, 501 (Tex. 2024). A premises owner owes a duty to keep its property safe for invitees against conditions posing unreasonable risks of harm, but that duty does not make the owner an insurer of the invitee's safety. *Gibson v. Stonebriar Mall, LLC*, No. 05-17-01242-CV, 2019 Tex. App. LEXIS, at *14–15 (Tex. App.—Dallas Feb. 8, 2019, no pet.) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)).

3

As a general rule, a premises owner has no duty to clear naturally occurring ice and snow. *See Scott and White Memorial Hosp. v. Fair*, 310 S.W.3d 411, 415 (Tex. 2010); *Gibson*, No. 05-17-01242-CV, 2019 Tex. App. LEXIS, at *14–15. Texas law imposes no general duty to become a good Samaritan. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 151 (Tex. 2022). A duty may nonetheless arise when a defendant voluntarily undertakes to render services it knows or should know are necessary for the protection of another's person, and "either (1) the failure to exercise reasonable care increases the risk of physical harm or (2) harm results because of the other's reliance on the undertaking." *Id.* The critical question is whether the defendant acted in a way that requires imposing a duty where one otherwise would not exist. *Id.* (quoting *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013)).

King argues The Craig assumed a duty when McDonald told employees the facility would take care of the sidewalks. We assume without deciding that The Craig's communications constituted a voluntary undertaking of services necessary for King's protection. Even so, King must satisfy at least one of the doctrine's two prongs. She cannot satisfy either.

The first prong asks whether The Craig's failure to exercise reasonable care increased the risk of physical harm. *Kenyon*, 644 S.W.3d at 151. The winter storm created the ice on the sidewalk; The Craig did not create it. The summary judgment record contains no evidence that anything The Craig did or failed to do made the ice more dangerous than the storm had already made it. In fact, salting, shoveling, or applying a chemical deicer to a natural ice accumulation does not transform it into an unnatural one. *Fair*, 310 S.W.3d at 419. If affirmative efforts to clear ice do not change the character of

4

the condition, then failing to clear it does not either. King was left in precisely the position the weather placed her, not in a worse position caused by the defendant's conduct.

The second prong asks whether harm resulted because of King's reliance on the undertaking. *Kenyon*, 644 S.W.3d at 151. The communications King cites as creating her reliance undermine any reasonable basis for it. McDonald did not promise safe sidewalks. She initially told employees that staff were "kinda fighting a losing battle right now" with the continuing snowfall and later committed only that she or her floor techs would "clear it the best we can." Snow was visibly falling throughout the day, and the sidewalks were openly and obviously icy when King stepped outside. A promise to do one's best under deteriorating conditions, paired with an acknowledgment that the effort may prove futile, is not an assurance of safety on which a person may reasonably rely. Moreover, the record does not show how King would have acted any differently had The Craig said nothing at all. *Id*. at 152 (". . . Kenyon did not detrimentally rely on anything Elephant's employee said (or did not say) with regard to ensuring the safety of person or property.").

Because King cannot satisfy either prong of the negligent undertaking doctrine, summary judgment for The Craig was proper. King's second issue is overruled.

TWCA Nonsubscriber

King separately contends that because The Craig opted out of the Texas Workers' Compensation Act, it cannot rely on her awareness of the ice and snow to escape liability. An employer that subscribes to the TWCA provides employees their exclusive remedies. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 200 (Tex. 2015). An employer that opts

5

out, as The Craig did here, is prohibited from asserting an employee's negligence or assumption of the risk as a defense. *Id*.

However, here our resolution of the negligence claim resolves this issue. Because King failed to show that The Craig breached any legal duty, the TWCA nonsubscriber issue does not affect the outcome.

## CONCLUSION

Having overruled King's issue as to duty, we do not reach her remaining issues, and we affirm the trial court's judgment.

Lawrence M. Doss
Justice
